JONES, Justice
(dissenting as to Part II).
I respectfully dissent as to Part II of the Court’s opinion. I agree with the appellant that the trial court’s denial of the separate claim for past-due child support was error. As the majority noted: “[t]he father and former husband was obligated to pay child support to his former wife; and, at the time of his death, he was $2,172.27 in arrears. This obligation (now a final judgment), says the former spouse, stands apart from, and is in addition to, the life insurance maintained ‘To secure the child support payments.’ ”
After careful consideration of this first impression issue, I would hold that the debt for past-due support payments is not extinguished by the payment of the life insurance proceeds to the former wife, as the named beneficiary. The contrary holding by the majority in Part II is subject to the criticism that the former wife’s relief, under these circumstances, is reduced by the misconduct of the former husband in not keeping his support payments current. This holding lends itself to the result that, so long as the past-due payments, at the time of the insured’s death, do not exceed the sum total of the insurance proceeds, the former wife is limited in her recovery to her rights as beneficiary under the policy. While the appellee’s “purpose of the insurance” argument, logically speaking, has a certain appeal, the trial court’s purpose in restraining the insured from removing his former spouse as the named beneficiary, “To insure the child support payments,” would not alter the final judgment effect of the past-due payments.
I find no compelling reason to compromise either the settled law of judgments or the equally settled law of contracts. I would reverse and remand as to both issues.
SHORES, BEATTY, and HOUSTON, JJ., concur.